# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alex Vaysburd, Rozaliya Vaysburd and Boris Vaysburd, | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 40 M.D. 2023 |
| | : | |
| North Pocono School District, Pennsylvania Department of Education, State Tax Equalization Board and Lackawanna County Board of Commissioners, | : | |
| Respondents | : | Submitted: June 4, 2024 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED:  July 11, 2024

Before the Court are preliminary objections filed by the Pennsylvania Department of Education (Department) and the State Tax Equalization Board (Board) to Alex Vaysburd, Rozaliya Vaysburd, and Boris Vaysburd's (collectively, Petitioners) original jurisdiction petition for review.  For the reasons that follow, the Department and the Board's preliminary objections are overruled.

## BACKGROUND

The facts, as alleged in Petitioners' petition for review, are as follows.[1] Petitioners own residential property in the North Pocono School District (NPSD), Lehigh Township, Wayne County, Pennsylvania. Petition for Review ¶ 8. NPSD is a multi-county school district that includes portions of Wayne and Lackawanna Counties. *Id.* ¶ 1. Petitioners argue that they are aggrieved by material non-uniformity of the calculation of NPSD school taxes between Wayne and Lackawanna Counties, which is a result of (1) the failure of NPSD, the Department, the Board, and the Lackawanna County Board of Commissioners (Lackawanna County) (collectively, Respondents) to comply with the Uniformity Clause of the Pennsylvania Constitution[2] and Section 672.1(a)(1) of the Public School Code of 1949 (Public School Code);[3] and (2) Respondents' use of fictitious numbers and

---

[1] Petitioners originally filed an action in the Wayne County Court of Common Pleas (Common Pleas) against the North Pocono School District (NPSD), seeking a refund of overpaid taxes and a change to the process of school tax calculations. Petition for Review ¶ 13. Following NPSD's preliminary objections, Common Pleas ruled that the Department, the Board, and the Lackawanna County Board of Commissioners were indispensable parties and ordered Petitioners to join them, thus conferring original jurisdiction to this Court. *Id.*; 42 Pa.C.S. § 761(a). The underlying petition for review followed.

[2] PA. CONST. art. VIII, § 1 ("All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.").

[3] Section 627.1 of the Public School Code provides, in relevant part:

> (a) Whenever a school district shall lie in more than one county, the total taxes levied on real estate within the school district in each county shall be subject to:
>
> (1) the limitation that the ratio which such total taxes bears to the most recent valuation of the same properties by the [Board] shall be uniform in all of the counties, and the school district shall adjust its rate of taxation applicable to the portion of the district in each county to the extent necessary to achieve such uniformity[.]

Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of August 7, 1961, P.L. 968, 24 P.S. § 6-672.1.

incorrect data in performing the school tax calculation. *Id.* ¶ 2. Petitioners maintain that in school tax years 2018-2019, 2019-2020, and 2020-2021, NPSD imposed materially higher taxes on Wayne County taxpayers than on Lackawanna County taxpayers. *Id.* ¶ 3. The petition for review explains:

> Every school tax year starts on July 1st and ends on June 30th of the following year. In each of the three school tax years, 2018-19, 2019-20, and 2020-21, the NPSD imposed materially higher taxes on Wayne County than on Lackawanna County taxpayers. For example, in 2020-21, each Lackawanna property owner had a legal right to pay school tax of no more than 1.32% of the property market value. Those who were paying more [] could reduce the tax bill to 1.32% by filing property tax appeal in July / August 2020. On appeal, the property's market value would have been divided by 10.75, the current Common Level Ratio Factor (CLRF) for Lackawanna, to produce the assessed value. The assessed value would then be multiplied by the 14.221% Millage to produce the tax bill. As a result, the tax bill would have been 14.221% / 10.75 = 1.32% of the market value. An under-assessed property paying less than 1.32% could be subject to the property tax appeal filed by the taxing authority. On such an appeal, the tax would be brought up to the same 1.32%, and not higher. On the other hand, the commensurate tax rate for Wayne taxpayers was 1.80%[,] which is materially higher than 1.32% paid by Lackawanna County homeowners. Any property tax appeal, either by the property owner or by the taxing authority, would have resulted in the 2.22% / 1.23 = 1.80% tax bill, where 2.22% is the Millage and 1.23 is the CLRF. A Wayne taxpayer paying 1.80% or more of market value in school taxes could do nothing to bring the tax burden below 1.80%. Similar concept applies to taxes imposed on Wayne County homeowners in years 2018-2019 and 2019-2020.

*Id.* ¶ 3. Petitioners aver the root cause of the tax inequality is a cumulative result of actions by Respondents. *Id.* ¶ 42. Specifically, they allege that in the last several

3

years, NPSD, for its part, has entered incorrect assessed values into the Department's computer program that performs the Millage calculations. *Id.* ¶¶ 43, 44. The Board, for its part, has failed to adopt statistically acceptable standards to calculate the common level ratio as required under Section 1516.1 of the Community and Economic Development Enhancement Act (Act)[4] and has failed to annually publish reports reflecting the current present market value of real estate in violation of Section 1516.2 of the Act.[5] *Id.* ¶¶ 46-49. Moreover, the Board's market value report and underlying methodology are incorrect, invalid, and inconsistent with accepted standards. *Id.* ¶¶ 76-77. Lackawanna County, for its part, has failed to report sales data to the Board as required by Section 1509(a)(1) of the Act.[6] *Id.* ¶¶ 64-66. This litany of errors effectuated by Respondents has allegedly resulted in illegal non-uniform taxation.

Petitioners maintain that the uniformity required under the Pennsylvania Constitution can be achieved by simply adding the Millage (tax rate) proportionate to the CLRF. *Id.* ¶ 5. Through the petition for review, Petitioners seek monetary relief in the form of a refund of the overpayment of taxes paid for school years 2018-2019, 2019-2020, and 2020-2021 (Count I), and declaratory and injunctive relief requiring the refund amount to be determined as the difference between the Millage paid and the Millage that accomplishes equality between the two counties, *i.e.*, calling for a different methodology to be used in calculating the refund (Count II). *Id.* ¶ 7, p. 15, Wherefore Clause, p. 17, Wherefore Clause.

---

[4] Act of June 27, 1996, P.L. 403, *as amended*, added by the Act of April 18, 2013, P.L. 4, 71 P.S. § 1709.1516a.

[5] Added by the Act of April 18, 2013, P.L. 4, 71 P.S. § 1709.1516b.

[6] Added by the Act of April 18, 2013, P.L. 4, 71 P.S. § 1709.1509(a)(1).

Petitioners aver they were forced to bring this original jurisdiction action to obtain the requested relief because they have

> no adequate remedy at law because the simple reimbursement to [P]etitioner[s] of what was owed in the past will not ensure that [P]etitioner[s'] rights are protected in the future. Tax allocations for the subsequent years are suffering from many of the same deficiencies as in the years reviewed in the instant matter. Therefore, this Court may exercise its equitable powers to ensure that real estate is henceforth taxed in accordance with state law.

*Id.* ¶ 108.

## PRELIMINARY OBJECTIONS

The Department and the Board filed preliminary objections to Petitioners' petition for review. In the first objection, the Department and the Board submit they are misjoined to this action because they cannot provide the relief sought by Petitioners and there is no case or controversy between them. *See* Pa.R.Civ.P. 1028(a)(5). Thus, the Department and the Board ask to be dismissed from this action with prejudice. In the second objection, the Department and the Board ask this Court to decline to exercise equity jurisdiction over the petition for review because Petitioners failed to exhaust the administrative remedy afforded to them under Section 1516.1 of the Act. *See* Pa.R.Civ.P. 1028(a)(7).

Pennsylvania Rule of Appellate Procedure 1516(b) authorizes the filing of preliminary objections to a petition for review filed in this Court's original jurisdiction. Pa.R.A.P. 1516(b). In ruling on preliminary objections, this Court accepts as true all well-pleaded material allegations in the petition for review and any reasonable inferences therefrom. *Thomas v. Corbett*, 90 A.3d 789, 794 (Pa. Cmwlth. 2014). "The Court, however, is not bound by legal conclusions,

5

unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Id.* We will sustain preliminary objections only where the law makes clear that the petitioner cannot succeed on his claim, and we resolve any doubt in favor of the petitioner. *Id.* With this standard in mind, we turn to the Department and the Board's preliminary objections.

## I.

The Department avers that it has no statutory authority over the gathering of county sales data or calculations of the CLR, which it categorizes as the gravamen of Petitioners' petition for review. As an administrative agency, the Department recognizes that it is a creature of statute and is limited to only those powers explicitly granted by the General Assembly in its enabling statute. The Department asks to be dismissed from this action as a misjoined party because it cannot render the relief Petitioners seek with respect to the compilation of sales data and calculation of the CLR.

Petitioners respond that the Department is a proper party because the petition for review claims the Department's tax calculation template does not produce the uniform ratio required by Section 672.1 of the Public School Code. They maintain that NPSD does not have the ability to perform any calculation methodology on its own. Petitioners' Brief in Opposition to Preliminary Objections at 6. Rather, it must utilize the statewide form prepared and furnished by the Department, which through its very nature requires information from the Board and Lackawanna County. *Id.* In order to correct this error, Petitioners submit the Department's form must be changed to

> replace the [Board's] Market Value in Line C with the computed value, as defined in the Pennsylvania Tax Code: "Computed value - The amount determined by multiplying

6

the assessed value of the realty for local real estate tax purposes by the common level ratio factor of the taxing district." 61 Pa. Code § 91.131. *See also* [Section 1101-C of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of May 5, 1981, P.L. 36,] 72 P.S. § 8101-C.

*Id.* at 4.

The Board also maintains it was misjoined in this action. It argues that like the Department, it does not have any statutory authority in the calculation or levying of real estate taxes. To the extent Petitioners challenge the Board's calculations performed under the Act due to improper sales data submitted by the counties, the Board submits it does not have the statutory authority to audit such data or require counties to utilize any particular method when coding property sales data that is then provided to the Board for calculations. Rather, the Board only has the statutory duty to compile the data necessary to undergo its calculations, and it has executed such duty in accordance with statute. Department & Board's Brief in Support of Preliminary Objections at 13.

Petitioners respond that Section 1516.2(4) of the Act requires the Board to annually publish its "[s]tandards to be used for sales sample size and procedures to be used when sales samples are not adequate." 71 P.S. § 1709.1516b(4).[7]

---

[7] Section 1516.2 provides, in full:

The board shall publish the following information that shall be updated annually:

(1) The statistical methods used to calculate the common level ratio and the State Tax Equalization Board market ratio.

(2) Procedures for excluding sales data and how the procedures compare with practices of the International Association of Assessing Officers.

(3) Procedures to ensure that dissimilar properties are not treated as a single group.

Petitioners allege that the Board has not published such information and has not adopted required standards to use when sample sales are not adequate. Instead, the Board treats a single sale of property as an adequate sample. This practice, "combined with other numerically invalid data manipulation methods made the Board's market values incorrect, and even unrealistic." Petitioners' Brief in Opposition to Preliminary Objections at 3.

In sum, Petitioners submit that both the Department and the Board control the process of tax allocation, and the requested changes to the process must be implemented, in part, by these parties. Thus, they are properly named respondents.

We agree with Petitioners that the Department and the Board were not misjoined here and thus overrule the first preliminary objection. As Petitioners' petition for review challenges the entire process and methodology for tax allocation, and the requested changes to that methodology would require action on behalf of both the Department and the Board, they are proper parties to this action. *See also* n.1, *supra*. We also note that the Department and the Board are parties to proceedings in a near-identical case currently pending before this Court at 348 M.D. 2021. In that matter, the Board and the Department were joined after the lower court found them to be indispensable parties. As aptly observed by Petitioners, granting

---

(4) Standards to be used for sales sample size and procedures to be used when sales samples are not adequate.

If a municipality contracts for services relating to an assessment, the data collected by the contractor must be transmitted to the municipality within 60 days of its collection or development.

71 P.S. § 1709.1516b.

8

the instant preliminary objection would result in two different courts having original jurisdiction over two virtually identical cases.

## II.

In its second objection, the Board and the Department ask this Court to dismiss the petition for review for failure to exhaust administrative remedies. *See* Pa.R.Civ.P. 1028(a)(7). They maintain that Section 1516.1 of the Act affords Petitioners an administrative remedy that is full and adequate. Section 1516.1, titled "Common level ratio" provides:

> (a) Establishment.--The board shall annually, prior to July 1, establish for each county a common level ratio for the prior calendar year.
>
> (b) Method.--In arriving at the ratio, the board shall use statistically acceptable techniques, including sales ratio studies. The board's method in arriving at the ratio shall be public information. The ratio shall be certified to the chief assessor of each county and shall be admissible as evidence in any appeal involving real property tax assessments.
>
> (c) Appeal.--Any political subdivision or taxpayer aggrieved by any finding, conclusion, method or technique of the board made under this section may, in writing, file objections to and appeal de novo the ratio determination to Commonwealth Court. After receiving the objections, the board may grant a hearing and may modify or adjust its findings and computations as appropriate.
>
> (d) Review.--If the common level ratio increases or decreases by ten percent or more, the board shall immediately review its findings prior to certification of the ratio.

71 P.S. § 1709.1516a. Petitioners respond that the Department and Board mischaracterize their claim. Because Petitioners are not challenging the Board's

9

calculation of CLR, the Board and Department's argument that this section provides administrative relief is without merit. Indeed, the current process of school tax calculations makes no use of CLR.

We again agree with Petitioners. Because the petition for review seeks declaratory and injunctive relief against Respondents challenging the entire process and methodology behind the calculation of the school taxes, Section 1516.1, which only allows an aggrieved party to challenge a finding, conclusion, method or technique of the Board relating to the calculation of CLR, is not a full and adequate remedy at law. Accordingly, the second preliminary objection is overruled.

## CONCLUSION

For the aforementioned reasons, the preliminary objections filed by the Department and the Board to Petitioners' petition for review are overruled.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alex Vaysburd, Rozaliya Vaysburd : 
and Boris Vaysburd, :
                Petitioners :
          :
        v. : No. 40 M.D. 2023
          :
          :
North Pocono School District, :
Pennsylvania Department of Education, :
State Tax Equalization Board and :
Lackawanna County Board :
of Commissioners, :
              Respondents :

# **O R D E R**

AND NOW, this 11th day of July 2024, the Pennsylvania Department of Education (Department) and the State Tax Equalization Board's (Board) preliminary objections to Alex Vaysburd, Rozaliya Vaysburd, and Boris Vaysburd's petition for review are OVERRULED. The Department and the Board shall file an answer to the petition for review within 30 days of the exit date of this Order.

_____
MATTHEW S. WOLF, Judge